UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
Mario Mirabal,                                                     :
                                                                   :
                                                                   :
                              Plaintiff,                           :
                                                                   :       25-cv-7418, 25-cv-7423, 25-
              -v-                                                  :              cv-7419
                                                                   :
Deutsche Bank National Trust Co., et al.,                          :       MEMORANDUM AND
                                                                   :            ORDER
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

By order of December 17, 2025, Magistrate Judge Wang ordered these three related cases transferred to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). *Mirabal v. Deutche Bank National Trust Co.*, 25-cv-7418, Dkt. No. 19.[1] Plaintiff has filed objections to the transfer order. Dkt. No. 21. The objections are overruled.

"Venue motions under 28 U.S.C. § 1404 are treated as non-dispositive motions that can be decided by a magistrate judge." *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, 2024 WL 50239, at *1 n.1 (S.D.N.Y. Jan. 4, 2024). "Under Fed. R. Civ. P. 72(a), a district judge may modify or set aside any portion of a magistrate judge's non-dispositive order only if it is found to be 'clearly erroneous or contrary to law.'" *Mulgrew v. United States Dep't of Transportation*, 717 F. Supp. 3d 281, 284 (E.D.N.Y. 2024) (quoting Fed R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).

Judge Wang's opinion is well-reasoned. It is neither clearly erroneous nor contrary to law. Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might

---

[1] In this Order, the Court refers to the docket numbers in the case 25-cv-7418. The same transfer order and objections cited in this Order were filed in each of the three cases on the same dates. *See* 25-cv-7423, Dkt. Nos. 31, 33; 25-cv-7419 Dkt. Nos. 16, 18.

have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28

U.S.C. § 1404(a). The court engages in a two-step analysis, first considering whether the actions

could have been brought in the proposed transferee court and then balancing the private and

public interests to determine if transfer is warranted. *See Moeller-Bertram v. Gemini Tr. Co.,*

*LLC*, 2024 WL 1860061, at *2 (S.D.N.Y. Apr. 29, 2024). At the second state, as Judge Wang

recited, courts consider the following ten factors in deciding whether to transfer a case: "(1) the

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4)

the availability of process to compel the attendance of the unwilling witnesses; (5) the location of

relevant documents and the relative ease of access to sources of proof; (6) the relative means of

the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the

plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances." Dkt. No. 19 at 4 (citing *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459–

60 (S.D.N.Y. 2011)); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d

102, 112 (2d Cir. 2010); *NYC Vision Cap., Inc. v. C21FC, LLC,* 2022 WL 2527611, at *2

(S.D.N.Y. July 7, 2022).

Plaintiff does not dispute that these three cases could have been brought in the Southern

District of Florida. The property that is the subject of the actions is in the Southern District of

Florida and a substantial part of the events giving rise to the claims occurred there. Judge Wang

properly balanced the private and public interests. Plaintiff failed to show that the convenience

of witnesses would be furthered by maintenance of venue in this District because he did not

show that the persons he identified were witnesses to the claims in his case. Dkt. No. 19 at 6; *see*

*Wistron Neweb Corp. v. Genesis Networks Telecom Servs., LLC,* 2022 WL 17067984, at *6

(S.D.N.Y. Nov. 17, 2022) (In considering convenience of witnesses, "the Court must

qualitatively evaluate the materiality of the testimony that the witnesses may provide") (internal citations and quotations omitted).  The convenience of the parties favors Florida because Plaintiff is a Florida resident and "[a] numerical majority of the named Defendants, none of whom have been served, appear to be located in Miami."  Dkt. No. 19 at 6.  The locus of operative facts also resides in the Southern District of Florida because "[a]cross all three Complaints; Plaintiff is seeking some sort of relief from his state court foreclosure proceedings concerning real estate in Florida."  *Id.* at 7.  The named Defendants appear to be subject to personal jurisdiction in the Southern District of Florida and not in this State.  *Id.*  The documents and other sources of proof are "equally available in Florida."  *Id.* at 8.  The Court's retention of this case would impose a financial hardship on Plaintiff as well as on the majority of Defendants since at some point this Court would likely require in-person appearances from Plaintiff and the Defendants.  *Id.* at 8–9.  Judge Wang reasonably concluded that to the extent the cases involve questions of Florida law, a Florida court is likely to have more familiarity with it than a court sitting in New York and such court has equal familiarity with questions of federal law.  *Id.* at 9.  Finally, the weight accorded to Plaintiff's choice of forum was minimal because the Southern District of New York has no meaningful connection to the case and neither questions of trial efficiency nor the interests of justice favored New York.  *Id.* at 10–11.

Plaintiff has not identified any error in Judge Wang's analysis.  The court recognized that Plaintiff asserted violations of federal law and did not seek appellate review of a state foreclosure judgment, Dkt. No. 21 at 2, and that Plaintiff raised issues with respect to a New York-governed Pooling and Serving Agreement, *id.* at 5.  It just properly did not give those facts the weight or significance which Plaintiff ascribes to them.

The Court has analyzed each of Plaintiff's arguments and finds them to be without merit.

SO ORDERED.

Dated: December 19, 2025
       New York, New York

_____
              LEWIS J. LIMAN
         United States District Judge

4